|   |   |   |
|---|---|---|
| **UNITED STATES DISTRICT COURT** | | |
| **DISTRICT OF NEVADA** | | |
| LJS&G, LTD., a Nevada Corporation, d/b/a/ LEACH JOHNSON SONG & GRUCHOW, | ) ) ) | Case No.: 2:16-cv-01150-GMN-CWH |
| Plaintiff, vs. | ) ) ) | **ORDER** |
| Z's, a Nevada Corporation, *et al.*, | ) ) | |
| Defendants, | ) ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Cross-Claim Plaintiff, vs. | ) ) ) ) | |
| LAKE LAS VEGAS MASTER ASSOCIATION, | ) ) ) | |
| Cross-Claim Defendant. | ) ) | |

Pending before the Court is the Motion for Judgment on the Pleadings, (ECF No. 34), filed by Defendant/Cross-Claim Defendant Lake Las Vegas Master Association ("LLVMA"). Cross-Claim Plaintiff United States of America (the "Government") filed a Response, (ECF No. 35), and LLVMA filed a Reply, (ECF No. 37).

Also pending before the Court is the Government's Motion for Summary Judgment, (ECF No. 36). LLVMA did not file a response, and the time to do so has passed.

**I.     BACKGROUND**

This case concerns real property located at 31 Rue Mediterra, Henderson, Nevada (the "Property"), which Z's (a Nevada corporation) purchased in 2004. (Mot. J. 2:12–19, 3:5–6, ECF No. 34). LLVMA and the South Shore Residential Community Association ("SSRCA") are the homeowners associations ("HOAs") that manage the Property. (*Id.* 2:12–18).

On January 5, 2010, the Government filed a Notice of Federal Tax Lien against the Property with the Clark County Recorder due to Z's unpaid federal income tax assessments for the years 2004 and 2005. (Mot. Summ. J. ("MSJ") 3:18–21, ECF No. 36). On December 14, 2010, LLVMA recorded an HOA lien against the Property for outstanding fees. (*Id.* 4:1–3). On March 21, 2013, SSRCA conducted a foreclosure sale on the Property because of its own lien on the Property. (*Id.*); (Mot. J. 2:13–19). Roughly six months after the foreclosure sale, LLVMA received a check for $7,206.23 from the Property's foreclosure agent, which represented outstanding fees owed by Z's to LLVMA. (MSJ 4:7–10).

On January 15, 2016, Plaintiff LJS&G, LTD. filed a Complaint in the Eighth Judicial District Court for the District of Nevada, seeking a distribution of $59,472.43 in proceeds from the Property's foreclosure sale. (*Id.* 4:11–13). The Government then removed the action to this Court on May 23, 2016. (Pet. Removal, ECF No. 1). Upon removal, the Government filed a cross-claim against LLVMA to recover $7,206.23 that LLVMA received from the Property's March 21, 2013 foreclosure sale. (Am. Answer, ECF No. 26).

On April 17, 2018, LLVMA filed its instant Motion for Judgment on the Pleadings, seeking dismissal of the Government's cross-claim against it. (ECF No. 34). Shortly afterward, the Government filed its Motion for Summary Judgment, (ECF No. 36), requesting a judgment that distributes $59,472.43 in proceeds to the Government, plus $7,206.23 in proceeds already received by LLVMA.

## II. **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986). A dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a reasonable fact-finder could rely to find for the nonmoving party. *See id.* "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of America*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. DISCUSSION

The Government argues that its recorded federal tax lien against Z's corporation is superior to any interest that LLVMA had on the Property. (MSJ 7:3-11, ECF No. 36). As a superior lienholder, the Government contends that it stands ahead of LLVMA for any proceeds from the Property's foreclosure sale. (*Id.* 7:12–20). The Government accordingly requests that the Court order LLVMA to disgorge the $7,206.23 that it received from the foreclosure sale, and for the Court to then distribute those proceeds to the Government. (*Id.* 10:2–11).

In response, LLVMA argues, under NRS 116.3116, that it holds the same priority to foreclosure proceeds as the foreclosing party (SSRCA). (Mot. J. 3:19–4:1, ECF No. 34). Thus, if the Government is arguing that its liens are superior to LLVMA, the Government's liens are then superior to the foreclosing party. (*Id.*). However, as a superior lienholder to the foreclosing party, LLVMA contends that the Government's lien would simply survive the foreclosure, and the Government would not be entitled to foreclosure sale proceeds owed to junior lienholders such as LLVMA. (*Id.* 4:18–26).

"[F]ederal law governs the relative priority of federal tax liens and state-created liens." *Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1134 (9th Cir. 2011) (citations omitted). "Absent provision to the contrary, priority for purposes of federal law is governed by the common-law principle that 'the first in time is the first in right.'" *Id.* (citing *United States v. McDermott*, 507 U.S. 447, 449 (1993)).

Here, Plaintiff LJS&G, LTD. conducted the foreclosure sale pursuant to NRS 116.3116 and on behalf of SSRCA. (Pl.'s Compl. Interpleader ¶¶ 8–9). Because SSRCA and LLVMA were both HOAs managing the Property, NRS 116.3116 may provide them "equal priority" to foreclosure sale proceeds. *S. Highlands Comm. Ass'n v. San Florentine Ave. Tr.*, 365 P.3d 503, 505 (2016) (discussing NRS 116.3116(4), which is now NRS 116.3116(8)).

1 However, "equal priority" does not exist when the applicable HOA declaration "otherwise provides." *See S. Highlands Comm. Ass'n*, 365 P.3d at 505, 505 n.4. Neither party here provides documentation or statements concerning whether the applicable HOA declaration altered the scheme of NRS 116.3116. Thus, at this stage, the Court cannot determine whether LLVMA held equal priority to SSRCA, nor can the Court declare the proper distribution of foreclosure sale proceeds between the Government and LLVMA.[1]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Lake Vegas Master Association's Motion for Judgment on the Pleadings, (ECF No. 34), is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion for Summary Judgment, (ECF No. 36), is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall file a Joint Pretrial Order by April 22, 2019.

**DATED** this __20__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[1] Because the Property's foreclosure sale occurred under NRS 116.3116, proceeds from the sale are divided "in the order of priority of any *subordinate* claim of record." NRS 116.31164(7)(b)(4) (emphasis added). Consequently, were LLVMA's to be equal to SSRCA's lien, the Government has not provided any authority that allows it to override the process outlined in NRS 116.3116 *et seq.* so that it could simultaneously be superior to the foreclosing party yet capable of receiving LLVMA's proceeds from the sale. Indeed, general authorities show otherwise. *See* 59A C.J.S. Mortgages § 1331 ("Where senior lienors' rights are unaffected by foreclosure, holders of liens that are senior in priority do not have the right to share in a surplus produced by the foreclosure of a junior mortgage."); *United States v. Sage*, 566 F.2d 1114, 1114–15 (9th Cir. 1977) ("Foreclosure affects the rights of all mortgagees junior to the foreclosing mortgagee and requires them to look to the proceeds for satisfaction, but it has no effect whatsoever upon the interest of senior mortgagees . . . .").